1  Abraham J. Colman (SBN 146933)
   acolman@reedsmith.com
2  Raymond Y. Kim (SBN 251210)
   rkim@reedsmith.com
3  Sevana Zadourian (SBN 315037)
   szadourian@reedsmith.com
4  REED SMITH LLP
   355 South Grand Avenue, Suite 2900
5  Los Angeles, CA  90071-1514
   Telephone:  +1 213 457 8000
6  Facsimile:   +1 213 457 8080

7  Attorneys for Defendant
   Primeritus Financial Services, Inc.

8

9

10              **UNITED STATES DISTRICT COURT**

11             **CENTRAL DISTRICT OF CALIFORNIA**

12

13  CHARLYNN ODAHL,                          CLASS ACTION

14              Plaintiff,                    Case No.:

15      vs.                                   [Removal from Superior Court of
                                              California, County of Los Angeles,
16  PRIMERITUS FINANCIAL SERVICES,            Case No. BC679797]
    INC., KEY AUTO RECOVERY, and
17  DOES 1 through 20, inclusive,             **NOTICE OF REMOVAL OF CIVIL
                                              ACTION UNDER 28 U.S.C. §§ 1332
18              Defendants.                   1441, AND 1446**

19                                            [Filed concurrently with
                                             1. Declaration of Thomas W. Acklen;
20                                            2. Notice of Interested Parties;
                                             3. Corporate Disclosure Statement; and
21                                            4. Civil Case Cover Sheet.]

22

23

24

25

26

27

28

PLEASE TAKE NOTICE that, pursuant to 28 United States Code §§ 1332, 1441, and 1446, Defendant Primeritus Financial Services, Inc. ("Primeritus") hereby removes the above-entitled civil action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California – Western Division, and alleges as follows:

1. On October 16, 2017, Plaintiff Charlynn Odahl ("Plaintiff") filed a putative class action complaint in the Superior Court of the State of California for the County of Los Angeles entitled *Charlynn Odahl v. Primeritus Financial Services, Inc., et al.*, bearing case number BC679797 in the records and files of that Court (the "Complaint").

2. On October 26, 2017, Plaintiff served a copy of the Complaint on Primeritus. Accordingly, pursuant to the federal rules this removal is timely. 28 U.S.C. § 1446(b); Fed. R. Civ. Proc. 6.

3. In the Complaint, Plaintiff alleges that Primeritus violated the Collateral Recovery Act, California Business and Professions Code § 7508.2(a), by retaining a portion of the repossession fee that it had charged BMW Financial for facilitating the repossession of Plaintiff's vehicle. Based on this allegation, Plaintiff asserts four causes of action: (1) violations of the Unfair Competition Law, Business and Professions Code § 17200; (2) violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.*; (3) violations of the Collateral Recovery Act; and (4) conversion.

4. Copies of all state court process, pleadings, and orders received and/or filed by Primeritus are attached to this Notice as "Exhibit A" and incorporated herein by this reference.

5. This Court has subject matter jurisdiction over the instant action because: (1) there is diversity of citizenship between Primeritus and Plaintiff; (2) the aggregate number of proposed plaintiffs is greater than 100; and (3) the amount in controversy exceeds $5,000,000, exclusive of interests and costs, as set forth below:

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

**Diversity of Citizenship**

6.     Primeritus is informed and believes, and on that basis alleges, that at the commencement of this action, and at all times herein, Plaintiff was, and now is, a citizen of the State of California.  Compl. ¶ 9.

7.     At the commencement of this action, and at all times herein, Primeritus was and now is a Delaware corporation and has its principal place of business in Nashville, Tennessee.  Compl. ¶ 10; Declaration of Thomas W. Acklen ("Acklen Decl."), ¶ 2.

**Aggregate Number of Proposed Plaintiffs**

8.     Plaintiff filed the Complaint on behalf of herself and all other persons similarly situated who (1) purchased or leased a vehicle primary for personal, family, or household use; and (2) whose vehicle was repossessed in California in the four years preceding the filing of the complaint; (3) by any entity hired by Primeritus to conduct the repossession.  Compl. ¶ 16.

9.     Based on Plaintiff's proposed class definition, the aggregate number of proposed plaintiffs who meet the criteria exceeds one hundred (100) persons.  Acklen Decl. ¶ 6.

**Amount in Controversy**

10.     In the Complaint Plaintiff alleges that Primeritus violated the Collateral Recovery Act by retaining a portion of the repossession fee that it charged BMW Financial for facilitating the repossession of Plaintiff's vehicle.  Compl. ¶ 5.

11.     Plaintiff further alleges that "Primeritus has upcharged California consumers millions of dollars in unlawful repossession fees over the last four years, in violation of Bus. & Prof. Code § 7508.2(a), and continues this unlawful practice today."  Compl. ¶ 5.  Plaintiff seeks that Primeritus "provide appropriate restitution and disgorgement of illicit profits to the class," a "public injunction restraining Primeritus from further violations," actual damages, "statutory damages of $500,000 or 1% net worth of Primeritus," punitive damages, and attorneys' fees.  Primeritus

denies the allegations and claims in the Complaint and denies that Plaintiff and the putative class are entitled to any relief from Primeritus.

12.     The total repossession fees paid by the putative class members directly to the lenders exceeds approximately 3.8 million dollars.  Acklen Decl. ¶ 6. The total repossession fees paid by the lenders to Primeritus for repossessions in California exceeds 5 million dollars.  *Id.*

13.     Based on these amounts, plus the alleged compensatory and statutory damages, the alleged punitive damages, and the attorneys' fees claimed by Plaintiff under California Civil Procedure Code § 1021.5, Civil Code §  1788.17, and 15 U.S.C. § 1692k, the aggregate of the monetary relief claimed by Plaintiff exceeds the jurisdictional amount of 5 million dollars.

14.     In addition, if Primeritus is enjoined from collecting fees from lenders for California repossessions it will cost Primeritus in excess of 5 million dollars in repossession fees.

15.     The United States District Court for the Central District of California has original jurisdiction under 28 U.S.C. § 1332 in that diversity of citizenship exists between the named Plaintiff and Primeritus, the aggregate number of proposed plaintiffs is greater than 100, and the required amount in controversy exists in this civil action, which may therefore be removed to this Court pursuant to 28 U.S.C. § 1441(a).

16.     The United States District Court for the Central District of California – Western Division is the proper division to where this matter should be assigned because Plaintiff's lawsuit is pending in the Superior Court of California, County of Los Angeles and she is a citizen of the State of California.  Compl. ¶ 9.

WHEREFORE, Primeritus files this Notice of Removal of this action from the aforesaid Superior Court, in which it is now pending, to the United States District Court for the Central District of California – Western Division, located at 312 North Spring Street, Los Angeles, California 90012-4701.

1        WHEREFORE, Primeritus prays that this action be removed from the
2   Superior Court of the State of California for the County of Los Angeles to the United
3   States District Court for the Central District of California.

4

5   DATED:  November 27, 2017       REED SMITH LLP

6

7             By: */s/ Sevana Zadourian*
8               Sevana Zadourian
              Attorneys for Defendant
              Primeritus Financial Services, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

# EXHIBIT A

1   ALEXANDER B. TRUEBLOOD (State Bar No. 150897)
    TRUEBLOOD LAW FIRM
2   10940 Wilshire Boulevard, Suite 1600
    Los Angeles, California 90024
3   Telephone:  (310) 443-4139
    Facsimile:  (310) 943-2255
4
5   BRANDON A. BLOCK (State Bar No. 215888)
    LAW OFFICES OF BRANDON A. BLOCK
    A PROFESSIONAL CORPORATION
6   433 North Camden Drive, Suite 600
    Beverly Hills, California 90210
7   Telephone: (310) 887-1440
    Facsimile: (310) 496-1420
8
    Attorneys for Plaintiff
9   CHARLYNN ODAHL

10

11

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                        LOS ANGELES COUNTY

14                                          BC 6 7 9 7 9 7

15  CHARLYNN ODAHL,              )   Case No:
                                 )
16            Plaintiff,         )
                                 )   CLASS ACTION COMPLAINT
17                               )   FOR:
       vs.                       )
18                               )   (1)  VIOLATIONS OF THE UNFAIR
                                 )   COMPETITION LAW
19  PRIMERITUS FINANCIAL         )
    SERVICES, INC., KEY AUTO     )   (2) VIOLATIONS OF THE
20  RECOVERY, and DOES 1 through 20, )   ROSENTHAL FAIR DEBT
                                 )   COLLECTION PRACTICES ACT
21  inclusive,                   )
                                 )   (3) VIOLATIONS OF THE
22            Defendants.        )   COLLATERAL RECOVERY ACT
                                 )
23                               )   (4) CONVERSION
                                 )
24                               )
25
26
27
28

                              COMPLAINT

FILED
Superior Court of California
County of Los Angeles

OCT 16 2017

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
       Marion Gomez

By Fax

RECEIPT #: CCH621759067
DATE PAID: 10/16/17  11:01 AM
PAYMENT: $435.00
RECEIVED:
  CHECK:        $435.00
  CASH:           $0.00
  CHANGE:         $0.00
  CARD:           $0.00

CIT/CASE:    LER/DEF#:
BC679797

310

1   Plaintiff Charlynn Odahl hereby complains against defendants Primeritus

2   Financial Services, Inc. ("Primeritus"), Key Auto Recovery ("Key Auto"), and

3   Does 1-20, and alleges on information and belief as follows:

4   **OPERATIVE FACTS**

5   1.      On or about March 26, 2012, plaintiff purchased an automobile on

6   credit, primarily for personal, family or household use, from an auto dealership.

7   The auto dealership assigned the retail installment sales contract to a lender, BMW

8   Financial Services N.A., LLC.  BMW Financial took a security interest in the

9   vehicle, which was collateral for the purchase agreement. BMW Financial alleged

10  that plaintiff fell behind on her payments, and issued a repossession assignment to

11  defendant Primeritus, to repossess plaintiff's vehicle.  Plaintiff is informed and

12  believes that Primeritus undertook to carry out the assignment, as an independent

13  contractor of BMW Financial.

14  2.      Primeritus referred the repossession assignment it received from

15  BMW Financial, to defendant Key Auto. In February, 2017, Key Auto repossessed

16  plaintiff's vehicle by entering a secured, gated garage and driving its vehicle onto

17  plaintiff's private property, all without permission. Accordingly, Key Auto

18  breached the peace in conducting the repossession of plaintiff's vehicle, in violation

19  of Commercial Code § 9609 and the Collateral Recovery Act, Bus. & Prof. Code §

20  7508.2(d).

21  3.      In further violation of the Collateral Recovery Act, Bus. & Prof. Code

22  §§ 7507.9 and 7507.10, Key Auto failed to properly notify plaintiff of the seizure of

23  the vehicle within 48 hours, and failed to mail her a written inventory of plaintiff's

24  personal items in the vehicle, which it had seized.

25  4.      Plaintiff reinstated her contract by paying BMW Financial the alleged

26  past due monthly payments, Primeritus's repossession fee of $395, and various

27  storage and other charges to Key Auto. Plaintiff is informed and believes that

28  BMW Financial paid Primeritus the $395 which Primeritus had billed for the

1

1 repossession, and Primeritus paid a portion of this amount to Key Auto, retaining

2 some part of the repossession fee as profit.

3      5.     Primeritus was prohibited from retaining any part of the $395

4 repossession fee it charged BMW Financial for repossessing plaintiff's vehicle.

5 The Collateral Recovery Act provides at Bus. & Prof. Code § 7508.2(a): "Referrals

6 of assignments from one licensee to another licensee are acceptable. The referral of

7 an assignment *shall be made under the same terms and conditions as in the original*

8 *assignment.*" (emphasis added). Primeritus's referral of the assignment to Key Auto

9 was not made on the same terms and conditions as the original assignment from

10 BMW Financial, because Primeritus's assignment of the job to Key Auto was for

11 less than the $395 Primeritus charged BMW Financial. Plaintiff is informed and

12 believes that Primeritus has upcharged California consumers millions of dollars in

13 unlawful repossession fees over the last four years, in violation of Bus. & Prof.

14 Code § 7508.2(a), and continues this unlawful practice today. Accordingly,

15 plaintiff brings this case as a class action to obtain restitution and disgorgement of

16 Primeritus's unlawful gains, and also seeks a public injunction to put a permanent

17 end to these violations of the law.

18      6.     As a condition of returning plaintiff's vehicle and her personal

19 possessions which had been in it, Key Auto, at the direction of Primeritus,

20 presented plaintiff with a release of liability on a Primeritus form. Plaintiff had no

21 choice except to sign the release, in order to get her vehicle and belongings back.

22 The release included a a waiver of all claims whatsoever which plaintiff had against

23 BMW Financial, and USA Recovery Holdings, Inc., an affiliate of Primeritus. This

24 release was illegal under the Rosenthal Fair Debt Collection Practices Act, Civil

25 Code § 1788.33.

26 ## JURISDICTION AND VENUE

27      7.     The court has jurisdiction over this matter because the amount in

28 controversy exceeds $25,000 and plaintiff seeks injunctive relief.

COMPLAINT

8.      Venue is proper in Los Angeles county because defendant Key Auto Recovery is a California corporation which maintains its headquarters in Van Nuys, California.

## PARTIES

9.      Plaintiff is a natural person over the age of 18 years and is a resident of the state of California, county of Los Angeles.

10.     Defendant Primeritus Recovery Solutions, Inc. is a Delaware corporation with its principal place of business in Nashville, Tennessee.

11.     Defendant Key Auto Recovery is a California corporation with its principal place of business in Van Nuys, California.

12.     Defendants Does 1 through 20 are persons or entities whose true names and capacities are presently unknown to plaintiff, and who therefore are sued by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to plaintiff and the class.  Plaintiff will seek leave of court to amend this complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

13.     Except as specifically noted herein, each defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment. The defendants are jointly and severally liable to plaintiff and the class.

## CLASS ALLEGATIONS

14.     Pursuant to applicable law, plaintiff brings this action on behalf of a class of all other persons similarly situated.  Plaintiff brings this action in a representative capacity to remedy the ongoing unlawful, unfair and fraudulent business practices alleged herein, and to seek redress on behalf of all those persons who have been affected thereby.

3

15.    In the last four years, defendant Primeritus and the Doe defendants have engaged in a pattern and practice of accepting California repossession assignments from lenders, and then referring these assignments to other licensed repossession agencies, on terms and conditions different than the original assignment.  Defendants have systematically upcharged the class, in violation of the Collateral Recovery Act, and have retained these illicit profits, which must now be disgorged.

16.    The proposed class consists of all persons (1) who purchased or leased a vehicle primarily for personal, family, or household use; and (2) whose vehicle was repossessed in California in the four years preceding the filing of the complaint; (3) by any entity hired by Primeritus to conduct the repossession.

17.    Plaintiff is unable to state the precise number of potential members of the proposed class because that information is in the possession of defendants. They are so numerous that joinder of all members would be impracticable.  The exact size of the proposed class, and the identity of the members thereof, will be readily ascertainable from the business records of defendants.

18.    There is a community of interest among the members of the proposed class in that there are questions of law and fact common to them that predominate over questions affecting only individual members.  These questions include, inter alia, whether defendants were permitted to refer the repossession assignments on terms and conditions different than the original assignment, under the Collateral Recovery Act, and retain the profits therefrom.  Proof of a common set of facts will establish the liability of defendants, and the right of each member of the class to recover.

19.    Plaintiff's claims are typical of those of the class she represents, and she will fairly and adequately represent the interests of the class. Plaintiff is represented by counsel both competent and experienced in consumer protection and class action litigation.

4

COMPLAINT

20.     A class action is superior to other methods for the fair and efficient adjudication of this controversy.  Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it would be impracticable and economically unfeasible for class members to seek redress individually.  The prosecution of separate actions by the individual class members, even if possible, would create a risk of inconsistent or varying adjudications with respect to individual class members against defendants, and would establish incompatible standards of conduct for defendants.

## FIRST CAUSE OF ACTION
**(Class Action Against Defendant Primeritus and the Doe Defendants For Violations of the Unfair Competition Law, Bus. & Prof. Code § 17200)**

21.     Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

22.     Plaintiff files this cause of action as a class action to challenge and to remedy defendant's business practices.  Business and Professions Code § 17200, et seq., often referred to as the "Unfair Competition Law," (hereinafter "the UCL") defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice.  The UCL provides that a court may order injunctive relief and restitution to affected members of the general public as remedies for any violations of the UCL.

23.     Beginning on an exact date unknown to plaintiff, but at all times relevant herein and during the four years preceding the filing of the complaint in this action, defendants have committed, and continue to commit, acts of unfair competition.

24.     The business acts and practices of defendants as hereinabove alleged constitute unlawful business practices in that, for the reasons set forth above, said acts and practices violate the Collateral Recovery Act, Bus. & Prof. Code § 7508.2(a).

25.     The business acts and practices of defendants as hereinabove alleged,

5

1    constitute unfair business practices in that said acts and practices offend public

2    policy and are substantially injurious to consumers.   Said acts and practices have

3    no utility that outweighs their substantial harm to consumers.

4        26.    The business acts and practices of defendants as hereinabove alleged,

5    constitute fraudulent business practices in that said acts and practices are likely to

6    deceive the public and affected consumers as to their legal rights and obligations,

7    and by use of such deception, may preclude consumers from exercising legal rights

8    to which they are entitled.

9        27.    As a direct and proximate result of the acts and practices described

10   herein, defendants have received and collected substantial monies that they are not

11   entitled to.

12       28.    Plaintiff has suffered injury in fact and has lost money or property as a

13   result of the unlawful, unfair and fraudulent acts and practices of defendants

14   challenged herein.  Among other things, plaintiff lost money by paying the $395

15   repossession fee, a $15 sheriff's fee, storage and personal property fees to Key

16   Auto, and rental car charges.

17       29.    Pursuant to Business and Professions Code § 17203, plaintiff seeks an

18   order that defendants provide appropriate restitution and disgorgement of illicit

19   profits to the class.

20       30.    Pursuant to Pursuant to Business and Professions Code § 17204,

21   plaintiff seeks a public injunction restraining Primeritus from further violations of

22   Bus. & Prof. Code § 7508.2(a).

23       31.    Pursuant to Code of Civil Procedure § 1021.5, plaintiff seeks recovery

24   of her attorneys' fees, costs and expenses incurred in the filing and prosecution of

25   this action.

26       WHEREFORE, plaintiff prays for relief as set forth below.

27

28

6

COMPLAINT

## SECOND CAUSE OF ACTION
**(Class Action Against Defendant Primeritus and the Doe Defendants, for Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788 et seq.)**

32.     Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

33.     The California Legislature has found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Cal. Civ. Code § 1788.1(a)(2). It thus enacted the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. (the "Rosenthal Act"), to ensure the integrity of our banking and credit industry. Id. § 1788.1(b).

34.     Plaintiff and the class are "debtors" within the meaning of Civil Code § 1788.2(h) in that they are natural persons from whom defendants sought to collect a "consumer debt" alleged to be due and owing by reason of a consumer credit transaction.  "Debt" is defined under the Rosenthal Act to mean "money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person." Civil Code § 1788.2(d).

35.     The defendants at all times relevant herein were "debt collectors" within the meaning of Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, engage in acts and practices in connection with the collection of money or property which is due or alleged be due or owing by reason of a consumer credit transaction.

36.     Defendants violated Civil Code § 1788.14(b), which prohibits collecting or attempting to collect from the debtor the whole or any part of the debt collector's fee or charge for services rendered, or other expense incurred by the debt collector in the collection of the consumer debt, except as permitted by law.

37.     Defendants violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692f, by using unfair or unconscionable means to collect an alleged debt, i.e. collecting fees which were not expressly authorized by the agreement

1    creating the debt nor permitted by law.

2         38.    As a proximate result of defendants' violations of the Rosenthal Act,

3    plaintiff and the class have been damaged in amounts which are subject to proof.

4    Plaintiff and the class are entitled to recover their actual damages pursuant to Civil

5    Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1).

6         39.    Defendants' violations of the Rosenthal Act were willful and knowing.

7    Plaintiff is entitled to recover statutory damages of $1,000 pursuant to Civil Code §

8    1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), and Civil Code §

9    1788.30(b).

10        40.    Plaintiff and the class are entitled to statutory damages of $500,000 or

11   1% of the net worth of Primeritus, whichever is less, pursuant to Civil Code §

12   1788.17 and 15 U.S.C. § 1692k. Defendants Primeritus and the Doe defendants

13   have frequently and persistently failed to comply with the FDCPA, and have

14   violated the FDCPA intentionally.  The nature of defendants' violations justifies the

15   maximum statutory damages award available.

16        41.    Plaintiff is entitled to recover her attorneys fees and costs pursuant to

17   Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the

18   alternative, Civil Code § 1788.30(c).

19        WHEREFORE, plaintiff prays for relief as set forth below.

20                            **THIRD CAUSE OF ACTION**
21   **(Individual Action Against Defendants Key Auto, Primeritus, and the Doe
     Defendants for Violations of  the Rosenthal Fair Debt Collection Practices Act,
22                       Cal. Civil Code § 1788 et seq.)**

23        42.    Plaintiff realleges and incorporates herein by reference the allegations

24   of all paragraphs above.

25        43.    Defendants Key Auto, Primeritus, and the Doe defendants were at all

26   times relevant herein "debt collectors" within the meaning of Civil Code §

27   1788.2(c), in that they regularly and in the ordinary course of business, on behalf of

28   themselves or others, engage in acts and practices in connection with the collection

                                        8

                                                          COMPLAINT

1  of money or property which is due or alleged be due or owing by reason of a

2  consumer credit transaction.

3      44.    Defendants violated Civil Code § 1788.17, incorporating by reference

4  15 U.S.C. § 1692f(6), which prohibits repossessing a vehicle unless the defendant

5  has a "present right" to do so.  Defendants lacked a present right to repossess

6  plaintiff's vehicle in breach of the peace.

7      45.    Defendants violated Civil Code § 1788.10(a) by using criminal means

8  to cause harm to the property of plaintiff. The crimes committed include: (1) Bus.

9  & Prof. Code § 7502.1(a), by violating Bus. & Prof. Code §§ 7507.9 and 7501.10,

10  7508.2(d), and 7508.2(a); and (2) Penal Code §§ 602(k) and (n).

11      46.    Defendants violated Civil Code § 1788.17, incorporating by reference

12  15 U.S.C. § 1692f, by using unfair or unconscionable means to collect an alleged

13  debt, when they breached the peace during the repossession of plaintiff's vehicle.

14      47.    Defendants violated Civil Code § 1788.17, incorporating by reference

15  15 U.S.C. § 1692f, by using unfair or unconscionable means to collect an alleged

16  debt, when they forced plaintiff to sign an unconscionable release.

17      48.    Defendants violated Civil Code § 1788.17, incorporating by reference

18  15 U.S.C. § 1692f, by using unfair or unconscionable means to collect an alleged

19  debt, when they collected fees which were not expressly authorized by the

20  agreement creating the debt nor permitted by law.

21      49.    Defendants violated Civil Code § 1788.14(b), which prohibits

22  collecting or attempting to collect from the debtor the whole or any part of the debt

23  collector's fee or charge for services rendered, or other expense incurred by the

24  debt collector in the collection of the consumer debt, except as permitted by law.

25      50.    Defendants violated Civil Code § 1788.33 by forcing plaintiff to sign a

26  release of her Rosenthal Act claims against BMW Financial and other entities.

27      51.    As a proximate result of defendants' violations of the Rosenthal Act,

28  plaintiff has been damaged in amounts which are subject to proof. Plaintiff is

9

COMPLAINT

1  entitled to recover her actual damages pursuant to Civil Code § 1788.17,

2  incorporating by reference 15 U.S.C. § 1692k(a)(1).

3     52.   Defendants' violations of the Rosenthal Act were willful and knowing.

4  Plaintiff is entitled to recover statutory damages of $1,000 pursuant to Civil Code §

5  1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), and Civil Code §

6  1788.30(b).

7     53.   Plaintiff is entitled to recover her attorneys fees and costs pursuant to

8  Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the

9  alternative, Civil Code § 1788.30(c).

10    WHEREFORE, plaintiff prays for relief as set forth below.

11  ## FOURTH CAUSE OF ACTION

12  **(Individual Action Against Defendants Key Auto, Primeritus, and the Doe Defendants For Conversion)**

13    54.   Plaintiff realleges and incorporates herein by reference the allegations

14  of all paragraphs above.

15    55.   Plaintiff was entitled to immediate possession of her vehicle when it

16  was repossessed by defendants.

17    56.   Defendants wrongfully deprived plaintiff of possession of her vehicle

18  by repossessing it without any present right to do so.

19    57.   Plaintiff has suffered and is entitled to recover damages for

20  defendants' conversion.

21    58.   Defendants acted with malice, oppression, and/or fraud towards

22  plaintiff within the meaning of Civil Code § 3294, thereby entitling her to an award

23  of punitive damages. Defendants' corporate officers, directors, or managing agents

24  are personally guilty of oppression, fraud or malice, had advance knowledge of the

25  unfitness of the employees who acted towards plaintiff with malice, oppression, or

26  fraud, employed such employees with conscious disregard for the rights or safety of

27  others, and/or themselves authorized or ratified the wrongful conduct or knowingly

28  accepted and retained the benefits of the wrongdoing.

10

COMPLAINT

1  WHEREFORE, plaintiff prays for relief as set forth below.

2  **PRAYER FOR RELIEF**

3  WHEREFORE, plaintiff prays for the following relief:

4  1.  For actual damages,

5  2.  For statutory damages;

6  3.  For punitive damages;

7  4.  For restitution and disgorgement of illicit gains;

8  5.  For injunctive relief;

9  6.  For pre-judgment interest to the extent permitted by law;

10  7.  For an award of attorneys' fees, costs and expenses incurred in the

11  investigation, filing and prosecution of this action; and

12  8.  For such other and further relief as the Court may deem just and proper.

13  **DEMAND FOR JURY TRIAL**

14
15  Plaintiff hereby demands a trial by jury under the United States and

15  California constitutions.

16
17

18  Dated:  October 13, 2017           Respectfully Submitted,

19                                     TRUEBLOOD LAW FIRM

20

21                                     By:

22                                          Alexander B. Trueblood

23                                     Attorneys for Plaintiff
                                       CHARLYNN ODAHL
24

25

26

27

28

11

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Alexander B. Trueblood (150897)<br>10940 Wilshire Blvd., Ste. 1600<br>Los Angeles, CA 90024<br><br>TELEPHONE NO.: (310) 443-4139   FAX NO.: (310) 943-2255<br>ATTORNEY FOR *(Name):* Plaintiff Charlynn Odahl | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>**OCT 16 2017**<br><br>Sherri R. Carter Executive Officer/Clerk<br>By_____ Deputy<br>Marion Gomez |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Mosk

| CASE NAME:<br>Odahl v. Primeritus | |
|---|---|

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | BC679797<br><br>JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☑ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☑ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve   in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* 5
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 13, 2017
Alexander B. Trueblood                                              ▶ _____
(TYPE OR PRINT NAME)                                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

| SHORT TITLE: Odahl v. Primeritus | CASE NUMBER BC679797 |
|---|---|

**By Fax**

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 8 ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

| SHORT TITLE: Odahl v. Primeritus | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☑ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

Doc# 1 Page# 15 - Doc ID = 1713799810 - Doc Type = OTHER

| SHORT TITLE: Odahl v. Primeritus | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2., 9. |
| | | ☐ A6160 Abstract of Judgment | 2., 6. |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2., 3., 9. |
| | | ☐ A6123 Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190 Election Contest | 2. |
| | | ☐ A6110 Petition for Change of Name | 2., 7. |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100 Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

Doc# 1 Page# 16 - Doc ID = 1713799810 - Doc Type = OTHER

| SHORT TITLE: Odahl v. Primeritus | | CASE NUMBER |
|---|---|---|

**Item III.** *Statement of Location:* Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>13726 Saticoy Street |
|---|---|

| CITY:<br>Van Nuys | STATE:<br>CA | ZIP CODE:<br>91402 |
|---|---|---|

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the **Mosk** courthouse in the **Central** District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: October 13, 2017

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

Doc# 1 Page# 17 - Doc ID = 1713799810 - Doc Type = OTHER

FILED
Superior Court of California
County of Los Angeles

OCT 24 2017

Sherri R. Carter, Executive Officer/Clerk
By Raul Sanchez, Deputy
Raul Sanchez

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: |
|---|---|
| Alexander Trueblood<br>Trueblood Law Firm<br>10940 Wilshire Blvd., Ste. 1600<br>Los Angeles, CA 90024 | 150897 |

ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
111 N. Hill Street, Los Angeles, CA 90012

PLAINTIFF/PETITIONER:
Charlynn Odahl

DEFENDANT/RESPONDENT:
Primeritus Financial Services, Inc.

| **PEREMPTORY CHALLENGE TO JUDICIAL OFFICER**<br>**(Code Civ. Proc., § 170.6)** | CASE NUMBER:<br>BC 679797 |
|---|---|

By Fax

| Name of Judicial Officer: (PRINT)<br><br>Ruth Ann Kwan | Dept. Number:<br><br>72 |
|---|---|
| ☑ Judge         ☐ Commissioner         ☐ Referee | |

I am a party (or attorney for a party) to this action or special proceeding. The judicial officer named above, before whom the trial of, or a hearing in, this case is pending, or to whom it has been assigned, is prejudiced against the party (or his or her attorney) or the interest of the party (or his or her attorney), so that declarant cannot, or believes that he or she cannot, have a fair and impartial trial or hearing before the judicial officer.

## DECLARATION

**I declare under penalty of perjury, under the laws of the State of California, that the information entered on this form is true and correct.**

Filed on behalf of: Charlynn Odahl
             Name of Party

☑ Plaintiff/Petitioner        ☐ Cross Complainant
☐ Defendant/Respondent    ☐ Cross Defendant
☐ Other: _____

Dated: October 23, 2017

_____
Signature of Declarant

Alexander B. Trueblood
_____
Printed Name

**PEREMPTORY CHALLENGE TO JUDICIAL OFFICER**
**(Code Civ. Proc., § 170.6)**

Code Civ. Proc., § 170.6